IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| PURESHIELD, INC. AND VIACLEAN TECHNOLOGIES, LLC,<br><br>    Plaintiffs,<br><br>    v.<br><br>ALLIED BIOSCIENCE, INC.,<br><br>    Defendant. | Case No. 4:20-cv-00734-SDJ |

**CORRECTED STIPULATION AND JOINT MOTION TO SEVER AND STAY PATENT INFRINGEMENT COUNTS I–X AND TO EXTEND DEFENDANT'S DEADLINE TO RESPOND TO COUNTS XI-XIII**

Plaintiffs PureShield, Inc. and ViaClean Technologies, LLC (collectively, "Plaintiffs") and Defendant Allied BioScience, Inc. ("Defendant") (collectively, "Parties") hereby respectfully stipulate and jointly move this Court to sever and stay Plaintiffs' patent infringement claims under Counts I–X pending resolution of a declaratory judgment action involving the ten (10) patents asserted in this action (collectively, "Asserted Patents"), while Counts XI–XIII not involving the Asserted Patents go forward. Good cause exists to support the Parties' joint request.

On September 28, 2020, Plaintiffs filed this action against Defendant for infringement of the Asserted Patents, false advertising arising under the Lanham Act, unfair competition arising under Texas common law, and tortious interference with prospective business relations arising under Texas common law. *See* ECF No. 1. The patent infringement claims under Counts I–X ("Patent Claims") are directed to issues that are separate and independent from the federal false advertising claims and state law claims for unfair competition and tortious interference under

Counts XI–XIII (collectively, "Non-Patent Claims"). This case is in its early stages and no responsive pleading has been filed by Defendant thus far.

Regarding the Patent Claims, the Complaint specifically alleges that "PureShield has all substantial rights and standing to enforce the Asserted Patents by way of a license agreement." ECF No. 1 ¶ 72. After Plaintiffs filed their Complaint against Defendant, however, non-party Novalent, Ltd. ("Novalent") contended in several recent letters and public documents that it purportedly owns all rights to the Asserted Patents and that Plaintiffs purportedly have no rights to practice, license, or enforce the Asserted Patents. In response, Plaintiffs have filed a declaratory judgment action against Novalent in the United States District for the Middle District of North Carolina, seeking a declaration that Plaintiffs have all substantial rights to the Asserted Patents—including unfettered rights to enforce the Asserted Patents. *See PureShield Inc. and ViaClean Technologies, LLC v. Inhold, LLC and Novalent, Ltd.*, No. 20-cv-1025 (M.D.N.C.) ("Declaratory Judgment Action").

Plaintiffs filed the Declaratory Judgment Action on November 13, 2020. Novalent has since also attempted to introduce related issues regarding rights to the Asserted Patents in North Carolina state court by filing a motion for leave to amend their complaint. *See Inhold, LLC and Novalent, Ltd. v. PureShield Inc. et al.*, No. 20-CVS-4841, ECF No. 48 (N.C. Super. Oct. 30, 2020) ("State Court Action"). Plaintiffs have opposed Novalent's attempts to litigate patent law issues in the State Court Action on the grounds that these issues belong in the Declaratory Judgment Action pending in a federal district court with exclusive subject matter jurisdiction over the issues. *Id.* at ECF No. 64.

Based on the pending disputes between Plaintiffs and non-party Novalent regarding the ownership and enforcement rights of the Asserted Patents involved in this case, Defendant

requested agreement to sever the Patent Claims from the Non-Patent Claims, and stay the severed Patent Claims until resolution of the disputes between Plaintiffs and Novalent. While Plaintiffs maintain that PureShield has all substantial rights in and to the Asserted Patents, in order to conserve judicial efficiency the Parties stipulate to severing and staying the Patent Claims pending resolution of the disputes between Plaintiffs and Novalent regarding the ownership and enforcement rights of the Asserted Patents—whether such resolution is reached through the Declaratory Judgment Action or through the State Court Action. The Parties respectfully submit that the patent infringement allegations in this case can be more efficiently resolved upon resolution of the disputes regarding ownership and enforcement rights of the Asserted Patents.

The Parties further agree and jointly request that the Non-Patent Claims go forward in this litigation. The Non-Patent Claims do not involve the Asserted Patents and the Parties respectfully submit that the allegations under the counts can be adjudicated separately and independently of any allegations under the Patent Claims. The Parties further respectfully submit that waiting to adjudicate the Non-Patent Claims until resolution of the unrelated patent disputes between Plaintiffs and Novalent would unduly delay the necessary resolution of significant disputes between the Parties in this case and would materially prejudice Plaintiffs from pursuing claims that they should be permitted to pursue without delay.

Relatedly, the current deadline for Defendant to respond to the Complaint is December 4, 2020. The Parties respectfully and jointly request that the Court extend Defendant's deadline to respond to Counts XI–XIII in Plaintiffs' Complaint by fourteen (14) days to and including December 18, 2020. The Parties jointly submit and agree that the proposed extension is not

sought for the purpose of delay. In addition, no pre-trial deadlines have been set in this matter and should not be affected by the requested extension.

For at least the foregoing reasons, the Parties respectfully and jointly request that the Court sever and stay the Patent Claims pending resolution of disputes in the Declaratory Judgment Action, permit the Non-Patent Claims to proceed in this case, and extend Defendant's deadline to respond to Counts XI–XIII in Plaintiffs' Complaint by fourteen (14) days to and including December 18, 2020.

Dated: December 4, 2020

/s/ *Brian Paul Gearing*
Brian Paul Gearing, *pro hac vice*
CROWELL & MORING LLP
590 Madison Avenue, 20th Floor
New York, NY 10022-2524
Tel: (212) 223-4000
Fax: (212) 223-4134
bgearing@crowell.com

Ali H.K. Tehrani, *pro hac vice*
Siri Rao, *pro hac vice*
Karla I. Arias, *pro hac vice*
CROWELL & MORING LLP
1001 Pennsylvania Avenue, N.W.
Washington, DC 20004-2595
Tel: (202) 654-2500
Fax: (202) 628-5116
atehrani@crowell.com
srao@crowell.com
karias@crowell.com

Michael E. Jones
SBN: 10929400
POTTER MINTON, PC
110 North College, Suite 500
Tyler, Texas 75702
Tel: (903) 597-8311
Fax: (903) 593-0846

*Attorneys for Plaintiffs PureShield, Inc. and ViaClean Technologies, LLC*

5

/s/ Eric Klein
Eric Klein
Texas State Bar No. 24041258
Email: eklein@velaw.com
**VINSON & ELKINS L.L.P.**
2001 Ross Avenue, Suite 3900
Dallas, TX 75201
Telephone: (214) 220-7700
Facsimile: (214) 220-7716

**ATTORNEY FOR DEFENDANT ALLIED BIOSCIENCE, INC.**

## CERTIFICATE OF SERVICE

    I hereby certify that on this date, I served the foregoing document upon the attorneys of record for all parties by electronically filing the foregoing pleading with the Clerk of Court using the CM/ECF system, which will automatically send email notification of such filing to registered attorneys of record.

Dated:  December 4, 2020                /s/ *Ali H.K. Tehrani*_____
                                                    Ali H.K. Tehrani

## CERTIFICATE OF CONFERENCE

    Pursuant to Civil L.R. 7(i), it is hereby certified that counsel have complied with the meet and confer requirement under Civil L.R. 7(h).  This motion is unopposed.

| | |
|---|---|
| Dated:  December 4, 2020 | /s/ *Ali H.K. Tehrani*_____<br>Ali H.K. Tehrani |